**John L. McClain and Associates**
PO Box 123
Narberth, PA 19072

Phone: (215) 893-9357
Bar Number: 56081

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA
## PHILADELPHIA DIVISION

| | | | | |
|---|---|---|---|---|
| IN RE: | **John P. Lawrence** | § | CASE NO | **15-11899 SR** |
| | xxx-xx-5460 | § | | |
| | **Tamera E. Lawrence** | § | CHAPTER | **13** |
| | xxx-xx-3436 | § | | |
| | *Debtor(s)* | § | | |

*SIXTH AMENDED 9/23/2016*
### CHAPTER 13 PLAN

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:

COME NOW, John P. Lawrence and Tamera E. Lawrence, Debtors herein, and propose the following plan under Chapter 13 of the Bankruptcy Code:

1. The debts of DEBTOR(S) duly proved and allowed shall be paid to the holder thereof in accordance with the provisions of Chapter 13 of the Bankruptcy Code and this Plan.

2. The future earnings of DEBTOR(S) are submitted to the supervision and control of this Court, and DEBTOR(S) shall pay to the TRUSTEE a VARIABLE amount each month. Please refer to EXHIBIT "B" for a VARIABLE payment schedule. Payments shall commence on __**April 17, 2015**__ and shall continue at the intervals and in the amounts indicated on EXHIBIT "B".

3. From the payments received, the TRUSTEE will make disbursements in the following order:

    (a). **Administrative Expenses:** The TRUSTEE shall FIRST pay the expenses as prescribed by the Court, for administration of this plan.

| Name of Creditor | Type | Amount | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| John L. McClain and Associates | Attorney Fees | $11,000.00 | 0% | First Funds | | $11,000.00 |

    (b). **Priority Claims:** All Claims entitled to priority under Section 507 of the Bankruptcy Code will be paid as follows:

| Name of Creditor | Claim Amount | Amount Entitled To Priority | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| Internal Revenue Serice | $4,265.38 | $4,265.38 | 0% | Pro-Rata | 18-60 | $4,265.38 |
| PA Department of Revenue | $1,487.22 | $1,487.22 | 0% | Pro-Rata | 18-60 | $1,487.22 |

    (c). **Secured Claims:** Secured creditors, whose claims are duly and timely filed, approved and allowed will be treated as follows:

    (1). **Valuation of Collateral:** The Creditors listed below have a claim secured by a lien on the collateral shown and the claim of each creditor is secured to the extent of the fair market value of such property. The value of such creditor's interest in such collateral is as set forth hereinbelow and such fair market value set hereinbelow is binding as to each such creditor. Pursuant to the Bankruptcy Code, the Debtor(s) ask the Court to value the collateral shown as indicated below and to determine what portion, if any, of the following claim or claims are secured and what portions are unsecured. The purpose of this plan provision and valuation is to clearly provide that once Debtor(s) have paid such fair market value through the TRUSTEE, the lien of each such secured creditor shall be deemed invalid and, at such time, each creditor shall immediately execute and deliver any and all necessary documents to effectuate release of such lien and delivery of an unencumbered title to the Debtor(s).

| Name of Creditor | Collateral Description | Fair Market Value |
|---|---|---|

\* *Variable payments are scheduled, please see Pro Forma, if attached.*

Case 15-11899-sr    Doc 95    Filed 09/23/16    Entered 09/23/16 14:32:59    Desc Main
Document    Page 2 of 5
09/23/2016 02:29:56pm

(H) **John P. Lawrence**
(W) **Tamera E. Lawrence**                          <u>CHAPTER 13 PLAN</u>                          *Page 2*
(C#) **15-11899 SR**

Each secured creditor described herein shall retain the lien existing prior to the commencement of the case only to the extent of the value of the collateral and to secure payment of the allowed amount of its claim. In the case of each secured creditor listed in this section, the allowed amount is the fair market value set forth herein. Once the allowed secured amount has been satisfied through the Plan, the creditor's lien will have been satisfied in full and the lien will no longer exist. Upon payment of the secured portion of a creditor's claim, the creditor shall immediately release its lien and deliver clear title to the Debtor(s).

**(2).** **Payment of Secured Claims:** Secured creditors, whose claims are duly and timely filed, approved and allowed, will be paid as follows:

| Name of Creditor | Amount Claimed | Principal Amt | | Monthly | | |
|---|---|---|---|---|---|---|
| Collateral | Value of Collat. | to Be Paid | Interest Rate | Payment | Term | Total Paid |
| Deutsche Bank/Select Portfolio | $36,412.46 | $36,412.46 | 0% | Pro-Rata | 18-60 | $36,412.46 |
| 422 swamp pike, schwensville | $36,412.46 | | | | | |
| Deutsche Bank/Select Portfolio | $11,978.68 | $11,978.68 | 0% | Pro-Rata | 18-60 | $11,978.68 |
| 422 swamp pike, schwensville | $11,978.68 | | | | | |
| M & T Bank c/o Lakeview Loan S | $66,648.70 | $66,648.70 | 0% | Pro-Rata | 18-60 | $66,648.70 |
| 554 Gilbertsville Rd, Gilbertsville | $66,648.70 | | | | | |

**(3).** **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor(s) exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph (e) below:

| Name of Creditor | Collateral Description | Amount of Claim |
|---|---|---|

**(d).** **Special Class:** The following specially classified claims shall be paid as follows:

| | | Principal Amt. | | Monthly | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Claim Amount | To Be Paid | Interest Rate | Payment | Term | Total Paid |

**(e).** **Unsecured Claims:** Unsecured claims will be paid pro rata by the TRUSTEE after payment of the aforementioned categories, to creditors who have duly and timely filed and proved their claim, with the same having been allowed by the Court, with such payments or dividends to be paid in lieu of the debt and in satisfaction of the debts of such creditors.

**(f).** No interest, penalty or additional charge shall be allowed on any account subsequent to the filing of the petition herein, except that interest shall be allowed on claims to fully secured creditors in accordance with 11 U.S.C. § 506(b).

**4.** DEBTOR(S) shall pay direct the following debts outside the Plan:

| Name of Creditor | Collateral Description | Monthly Amount | Balance |
|---|---|---|---|
| Deutsche Bank/Select Portfolio Servicing | 422 swamp pike, schwensville | $796.62 | $227,399.63 |
| E-Processing, LLC et al | 412 Swamp Pike, Schwenkville | | $211,393.48 |
| IRS/ Special Procedures | 412 Swamp Pike, Schwenkville | | $280,224.98 |
| M & T Bank c/o Lakeview Loan Servicing | 554 Gilbertsville Rd, Gilbertsville | $2,127.94 | $269,558.46 |
| Mont. Co.Tax Claim Bureau @ 9% | 412 Swamp Pike, Schwenkville | | $77,441.08 |
| Pennsylvania Department of Revenue | 412 Swamp Pike, Schwenkville | | $1,175.29 |

**5.** The following secured claims are not dealt with in the DEBTOR(S)' plan, therefore, upon confirmation of the DEBTOR(S)' Chapter 13 Plan, the automatic stay provisions of 11 U.S.C. § 362 will be terminated and annulled with respect to each of the following claims:

| Name of Creditor | Collateral Description | Claim | Value | Deficiency |
|---|---|---|---|---|
| Deitche Bank/Select Portfolio Servicing | 200 N Pearl St, Wenersville, PA | $607,798.58 | $607,798.00 | $0.58 |

The automatic stay provisions of 11 U.S.C. Sec. 362 remain in effect as to DEBTOR(S).
The remaining portion of the debt (deficiency), if any, shall be treated as any other general unsecured claim under this plan.

**6.** All executory contracts of the DEBTOR(S) will be assumed unless specifically rejected herein. The following executory contracts and/or leases are ASSUMED or REJECTED as indicated below:

| Name of Creditor | Contract is Assumed/Rejected |
|---|---|
| Christopher Yangello | Rejected |

*\* Variable payments are scheduled, please see Pro Forma, if attached.*

Case 15-11899-sr    Doc 95    Filed 09/23/16    Entered 09/23/16 14:32:59    Desc Main
Document    Page 3 of 5

09/23/2016 02:29:56pm

(H) **John P. Lawrence**
(W) **Tamera E. Lawrence**
(C#) **15-11899 SR**

**CHAPTER 13 PLAN**

*Page 3*

| | |
|---|---|
| Jack Dolan, Realtor, ABR | Rejected |
| Keller Williams Realty Group | Rejected |

7. Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S).

8. The Court may, from time to time, during the period of the plan, extend, increase or reduce the amount of any of the installments provided for by the plan, or extend or shorten the time for any such payments where it shall be made to appear, after such hearing, upon such notice as the Court may designate, that the circumstances of DEBTOR(S) so warrant or so require; provided, however, that nothing in this plan shall be construed to prevent the granting of a discharge of DEBTOR(S) as provided in 11 U.S.C. § 1328.

9. **Post-Confirmation Cure or Waiver of Default:**
Any default of the DEBTOR'S post-confirmation plan payments may only be WAIVED by compliance with the provisions of 11 U.S.C. § 1329. Any default of post-confirmation plan payments may only be CURED by permission of the Standing Chapter 13 Trustee and compliance with such conditions as the TRUSTEE may impose.

10. **Post-Petition Claims:**
The DEBTOR(S) will not incur any post-petition consumer debt except after notice to creditors and approval by the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

## Additional Provisions of the Plan

**Liquidation of Debtor's Interest in 412 Swamp Pike**

As part of this plan, and per court order approving the sale, the Debtors will sell and/or liquidate the Debtor's interest in their real estate located at 412 Swamp Pike, Schwenksville, PA, by or on November 30, 2016, and shall pay all creditors as fully herein descibed below.

In addition to the above specified plan payments, the debtors agree that the property is to be sold no later than Novemebr 30, 2016. If the sale of the property does not occur by the aforementioned date, The Debtors will surrender the property securing the claims in full satisfaction of the claims. Trustee will not make any payment to the Creditor on the claims. Creditor shall retain its lien in the property. The term "Surrendered" shall mean that the debtors will execute a deed in lieu of foreclosure if requested by creditor, shall not oppose creditor's attempt to transfer or obtain possession of the property, will vacate property upon request of creditor, and provide creditor with copies of keys upon request of creditor.

**Proceeds of the sale of 412 Swamp Pike, Schwenksville**

Proceeds of the sale of 412 Swamp Pike, Schwenksville shall be paid outside the plan directly to to the secured creditors in the order of their priority liens pursuant to allowed proof of claims upon the sale of the property:

1st lien Montgomery County Tax Claim Bureau Claim No. 3 secured by that property in full;.
2nd lien Mortgage Lien E-Processing, LLC et al (Claim No. 8) secured by that property in full.;
3rd lien IRS Amended Claim No. 7; and
4th lien PADOR Claim No 2.

Any nonexempt value of said property shall be paid to the trustee and applied to undisputed claims, after payment of trustee's fees.

**In Regards to the IRS**

If a portion of the secured IRS Tax claim is not paid in full after said liquidation of Debor's real property, if necessary, the debtors will file a modified Chapter 13 plan providing for payment of any remaining secured portion of said claim over the amount of time remaining in the Plan.

*\* Variable payments are scheduled, please see Pro Forma, if attached.*

Case 15-11899-sr    Doc 95    Filed 09/23/16    Entered 09/23/16 14:32:59    Desc Main
Document    Page 4 of 5

09/23/2016 02:29:56pm

(H) **John P. Lawrence**
(W) **Tamera E. Lawrence**
(C#) **15-11899 SR**

**CHAPTER 13 PLAN**

*Page 4*

**In Regards to Deutche Bank et al c/o SPS**

Deutche Bank et al c/o SPS Claim No. 9 to be paid nothing under the plan.  The Debtors will surrender the property located at 200 N. Pearl St, Wenersville, PA, securing the claim filed by Deutche c/o Select Portfolio in full satisfaction of the claim.  The Trustee will not make any payment to the Creditor on its claim.  Creditor shall retain its lien in the property.  The term "Surrendered" shall mean that the debtor will execute a deed in lieu of foreclosure if requested by creditor, shall not oppose creditor's attempt to transfer or obtain possession of the property, will vacate property upon request of creditor, and provide creditor with copies of keys upon request of creditor.

**In Regards to Santander Consumer USA Inc**

Santander Consumer USA Inc to be paid nothing as a Secured creditor on claim no. 1, auto was repossessed.

**Funding of Step Plan**

Debtor's intend to be able to fund the step plan either by procceds from the sale of the property located at 412 Swamp Pike and/or by increased business revenue.

DATED on this the   23rd   day of   September  ,  2016  .

                                                                                                                  /s/ John P. Lawrence

                                                                                                                   Debtor:    **John P. Lawrence**

**John L. McClain and Associates**

                                                                                                                  /s/ Tamera E. Lawrence

                                                                                                                   Debtor:    **Tamera E. Lawrence**

 /s/ John L. McClain

**John L. McClain**
Bar Number:  56081
PO Box 123
Narberth, PA 19072

Phone:  (215) 893-9357           Fax:   (888) 857-1967

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | **John P. Lawrence** | CASE NO | **15-11899 SR** |
| | **Tamera E. Lawrence** | | |
| | *Debtor(s)* | CHAPTER | **13** |

# EXHIBIT "B" - VARIABLE PLAN PAYMENTS

**PROPOSED PLAN OF REPAYMENT (VARIABLE PAYMENTS INTO THE PLAN)**

| # | Month / Due Date | Payment | # | Month / Due Date | Payment | # | Month / Due Date | Payment |
|---|---|---|---|---|---|---|---|---|
| 1 | 04/17/2015 | | 21 | 12/17/2016 | $800.00 | 41 | 08/17/2018 | $3,448.00 |
| 2 | 05/17/2015 | | 22 | 01/17/2017 | $3,448.00 | 42 | 09/17/2018 | $3,448.00 |
| 3 | 06/17/2015 | | 23 | 02/17/2017 | $3,448.00 | 43 | 10/17/2018 | $3,448.00 |
| 4 | 07/17/2015 | | 24 | 03/17/2017 | $3,448.00 | 44 | 11/17/2018 | $3,448.00 |
| 5 | 08/17/2015 | | 25 | 04/17/2017 | $3,448.00 | 45 | 12/17/2018 | $3,448.00 |
| 6 | 09/17/2015 | | 26 | 05/17/2017 | $3,448.00 | 46 | 01/17/2019 | $3,448.00 |
| 7 | 10/17/2015 | | 27 | 06/17/2017 | $3,448.00 | 47 | 02/17/2019 | $3,448.00 |
| 8 | 11/17/2015 | | 28 | 07/17/2017 | $3,448.00 | 48 | 03/17/2019 | $3,448.00 |
| 9 | 12/17/2015 | | 29 | 08/17/2017 | $3,448.00 | 49 | 04/17/2019 | $3,448.00 |
| 10 | 01/17/2016 | | 30 | 09/17/2017 | $3,448.00 | 50 | 05/17/2019 | $3,448.00 |
| 11 | 02/17/2016 | | 31 | 10/17/2017 | $3,448.00 | 51 | 06/17/2019 | $3,448.00 |
| 12 | 03/17/2016 | | 32 | 11/17/2017 | $3,448.00 | 52 | 07/17/2019 | $3,448.00 |
| 13 | 04/17/2016 | | 33 | 12/17/2017 | $3,448.00 | 53 | 08/17/2019 | $3,448.00 |
| 14 | 05/17/2016 | | 34 | 01/17/2018 | $3,448.00 | 54 | 09/17/2019 | $3,448.00 |
| 15 | 06/17/2016 | | 35 | 02/17/2018 | $3,448.00 | 55 | 10/17/2019 | $3,448.00 |
| 16 | 07/17/2016 | | 36 | 03/17/2018 | $3,448.00 | 56 | 11/17/2019 | $3,448.00 |
| 17 | 08/17/2016 | | 37 | 04/17/2018 | $3,448.00 | 57 | 12/17/2019 | $3,448.00 |
| 18 | 09/17/2016 | $9,600.00 | 38 | 05/17/2018 | $3,448.00 | 58 | 01/17/2020 | $3,448.00 |
| 19 | 10/17/2016 | $800.00 | 39 | 06/17/2018 | $3,448.00 | 59 | 02/17/2020 | $3,448.00 |
| 20 | 11/17/2016 | $800.00 | 40 | 07/17/2018 | $3,448.00 | 60 | 03/17/2020 | $3,448.00 |